| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>United States Attorney |
| 2 | |
| 3 | THOMAS A. COLTHURST (CABN 99493)<br>Chief, Criminal Division |
| 4 | KEVIN YEH (CABN 314079)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7063 |
| 7 | Fax: (415) 436-7234<br>kevin.yeh@usdoj.gov |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:22-cr-75-WHO |
| Plaintiff, | ) ) | **DETENTION ORDER** |
| v. | ) ) | |
| ALLEN RELEFORD, | ) ) | |
| Defendant. | ) ) ) | |

On February 24, 2022, defendant Allen Releford was charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

This matter came before the Court on February 28, 2022, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Chloe Kim. Assistant United States Attorney Kevin Yeh appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required and clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other

person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

Although defense counsel presented potential sureties for the defendant and proposed ordering that the defendant be released to a halfway house, the Court finds that he is at risk of flight and there are no conditions or combination of conditions sufficient to reasonably assure that the defendant will appear in court as required. Furthermore, given the facts presented in the parties' briefing and the defendant's prebail report, and especially in light of the facts underlying the charged offense—namely, that the defendant was found with a loaded firearm despite his felon and parolee statuses—the Court concludes that detention is necessary to reasonably assure the safety of others and the community.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 28, 2022

_____
HONORABLE LAUREL BEELER
United States Magistrate Judge